IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

THOMAS CLAY                          §

v.                                   §         CIVIL ACTION NO. 9:04cv272

TDCJ-CID, ET AL.                     §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Thomas Clay, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings and other documents in the case, the Magistrate Judge issued a Report on April 25, 2006, recommending that the lawsuit be dismissed because Clay has three strikes under 28 U.S.C. §1915(g), but did not pay the fee nor show that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. Clay filed objections to the Magistrate Judge's Report on May 8, 2006.

In his objections, Clay complains first that the Magistrate Judge cited an unpublished decision as precedent. While the Magistrate Judge did cite the unpublished decision of Comeaux v. Cockrell, 72 Fed.Appx. 54 (5th Cir., July 15, 2003) (not selected for publication in the Federal Reporter), the Magistrate Judge also cited Patton v. Jefferson Correctional Center, 136 F.3d 458 (5th Cir. 1998), a published decision which indicates, as does Comeaux, that partial dismissals of cases as frivolous count as strikes even if other portions of the case are dismissed for other reasons. Clay has failed to show any error in the citation to an unpublished case when a published case was also cited for the same proposition of law, nor does he show that the proposition of law set out by the

Magistrate Judge was incorrect.  Instead, Clay argues that this interpretation somehow "amends the language" of Section 1915(g).  His objection on this point is without merit.

Next, Clay says that his prior cases are not "strikes" because there were no express findings in any of the final judgments that the decisions constituted strikes.  No such express finding is necessary; a dismissal on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted automatically counts as a strike.  In Adepegba v. Hammons, 103 F.3d 383, 387 (1996), the Fifth Circuit held that dismissals as frivolous which occurred prior to the enactment of the Prison Litigation Reform Act could count as strikes.  Clearly these dismissals contained no finding of a strike, yet they counted as strikes nonetheless.  Clay's objection on this point is without merit, as is his contention that the Court somehow "reopened" those judgments in order to find them as strikes. Next, Clay argues that none of his prior cases were dismissed as frivolous and thus none of them count as strikes.  The Magistrate Judge carefully set out each of the prior cases filed by Clay which were dismissed, in whole or in part, as frivolous.[1]  Clay fails to show that the Magistrate Judge erred in any respect in determining that these cases count as "strikes," given that partial dismissals of cases as frivolous count as strikes even if other portions of the case are dismissed for other reasons.  Patton, 136 F.3d at 465.  His objection on this point is without merit.

---

[1]See, e.g.,  Clay v. Christus Spohn Memorial, et al., C-01-002 (S.D.Tex., dismissed as frivolous July 5, 2002, no appeal taken); Clay v. Nueces County Sheriff's Dept., et al., C-01-158 (S.D.Tex., dismissed as frivolous April 12, 2002, no appeal taken); Clay v. Ramos, et al., C-00-0409 (S.D.Tex. 2001) (certain claims dismissed for failure to state a claim on April 3, 2001, and final judgment entered after Clay refused to cooperate in trial preparation, which the Southern District of Texas termed a "clear record of contumacious conduct"); Clay v. Nueces County Jail, et al., C-00-0477 (S.D.Tex.) (certain claims and parties dismissed as frivolous and for failure to state a claim on March 28, 2002; final judgment with prejudice entered on May 7, 2002, for failure to prosecute); and Clay v. Vasquez, et al., C-01-0135 (S.D.Tex.) (certain claims and parties dismissed as frivolous and for failure to state a claim on March 12, 2002; final judgment with prejudice entered on May 7, 2002, for failure to prosecute). In Clay v. Correctional Management, G-05-569 (S.D.Tex.), the Southern District specifically said that Clay had three strikes and referred to him as a "recreational litigator."

Finally, Clay says that he is entitled to an evidentiary hearing on the question of whether or not he has three strikes.  He has not shown that an evidentiary hearing is warranted, given that his past court filings are a matter of public record.  Clay's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 17 day of **May, 2006.**


Thad Heartfield
United States District Judge

3